UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PEOPLES GAS SYSTEM, a division of
Tampa Electric Company, a Florida
corporation.,

    Plaintiff.

vs.                                     Case No. 2:11-cv-231-FtM-29SPC

POSEN CONSTRUCTION, INC., a Michigan
corporation,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Dismiss, to Strike, and for More Definite Statement (Doc. #16) filed on July 5, 2011. Plaintiff seeks to dismiss Counts II, IV, and V of defendant's Counterclaim[1], and to strike or obtain a more definite statement of the request for attorney's fees. Defendant filed a Response (Doc. #20) in opposition on July 29, 2011.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir.

---

[1]Although labeled as a Cross-claim, both parties acknowledge that it is a counterclaim.

2011). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

Under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored, and will be denied unless the allegations have no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties. Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

**II.**

Posen Construction, Inc. (Posen) is a heavy construction contractor that was awarded a construction contract from Lee County to widen Colonial Boulevard in Fort Myers, Florida. Peoples Gas System (PGS), a division of Tampa Electric Company, owns, operates, maintains and controls natural gas distribution facilities throughout Florida, including an 8" gas main on the northern side of the Colonial Boulevard construction project. On November 11, 2010, a Posen employee operating heavy machinery struck a natural gas pipeline owned and operated by PGS, resulting in an ignition of natural gas. PGS filed suit against Posen, which has responded with a counterclaim. PGS seeks to dismiss Counts III, IV, and V of the Counterclaim, strike the request for fees, and obtain a more definite statement regarding fees pled as special damages under the "Wrongful Acts Doctrine."

**A. Tortious Interference with Business Relationship**

In Count III, Posen alleges that it had a business relationship with Lee County by virtue of its construction contract, that PGS knew or should have known about that relationship, and that PGS's intentional relocation of its gas line

without providing notice to Posen "constituted an intentional and unjustified interference" with the business relationship between Posen and Lee County. (Doc. #8, ¶¶ 56-60.) PGS argues that Count III must be dismissed because Posen fails to allege that PGS's relocation of the gas line was a <u>direct</u> interference or done with intent to interfere. PGS further argues that it had a personal interest in relocating the gas line and is not a stranger to the business relationship, therefore the relocation is not actionable as an intentional interference.

The elements of tortious interference are "(1) the existence of a business relationship . . . (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." <u>Tamiami Trail Tours, Inc. v. Cotton</u>, 463 So. 2d 1126, 1127 (Fla. 1985). <u>See also</u> <u>Alexis v. Ventura</u>, 66 So. 3d 986, 987 (Fla. 3d DCA 2011). "Imbedded within these elements is the requirement that the plaintiff establish that the defendant's conduct caused or induced the breach that resulted in the plaintiff's damages." <u>Chicago Title Ins. Co. v. Alday-Donalson Title Co. of Fla., Inc.</u>, 832 So. 2d 810, 814 (Fla. 2d DCA 2002)(citing <u>St. Johns River Water Mgmt. Dist. v. Fernberg Geological Servs., Inc.</u>, 784 So. 2d 500, 504 (Fla. 5th DCA 2001)). "A cause of action for tortious interference requires a showing of both an intent to damage the business

relationship and a lack of justification to take the action which caused the damage." Networkip, LLC v. Spread Enters., Inc., 922 So. 2d 355, 358 (Fla. 3d DCA 2006). "Proof of the requisite intent is necessary as '[t]here is no such thing as a cause of action for interference which is only negligently or consequentially effected.'" Maxi-Taxi of Fla., Inc. v. Lee Cnty. Port Auth., 301 F. App'x 881, 885-86 (11th Cir. 2008)(quoting Ethyl Corp. v. Balter, 386 So. 2d 1220, 1223-24 (Fla. 3d DCA 1980)). Additionally, for the interference to be unjustified, the interfering party must be a stranger to the business relationship. PGS is not a stranger to a business relationship if PGS has any beneficial or economic interest in, or control over, that relationship. Palm Beach Cnty. Health Care Dist. v. Prof'l Med. Educ., Inc., 13 So. 3d 1090, 1094 (Fla 4th DCA 2009).

There are no factual allegations that the intentional relocation of the pipeline without the required notice was done with an intent to interfere with Posen's contract. The intent as pled was to move the pipeline; the result of the relocation coupled with the lack of notice was an interference with the contract. This is insufficient to state a cause of action for intentional interference. Additionally, PGS's involvement was necessary to Posen's contract with Lee County because road work could not continue without relocation of the gas pipeline. PGS was therefore

not a stranger to the business relationship. The motion to dismiss will be granted as to Count III.

**B.   Strict Liability - Ultrahazardous Activity**

In Count IV, Posen alleges a claim for strict liability against PGS. Posen alleges that owning, operating, and maintaining natural gas distribution facilities is an abnormally dangerous activity which poses a high risk of serious harm "given the combustible, volatile, and inflammatory nature of natural gas, and the high risk of explosion and/or fire from natural gas leaks, among other reasons." (Doc. #8, ¶64.)  PGS argues that no Florida court has found distribution of natural gas to be an abnormally dangerous activity, and other jurisdictions have "overwhelmingly" found distribution not to be an abnormally dangerous activity. (Doc. #16, pp. 9-10.)  Posen agrees, but distinguishes those cases by arguing that it is the <u>relocation</u> of the gas line that was the ultra dangerous activity, and not the mere distribution of natural gas.

Florida courts have adopted the doctrine of strict liability for ultrahazardous or abnormally dangerous activity as established by <u>Rylands v. Fletcher</u>, [1868] L.R. 3 (H.L.) 330, 1868 WL 9885 and reformulated by the Restatement of Torts §§ 519, 520 (1938), and Restatement (Second) of Torts. <u>Great Lakes Dredging & Dock Co. v. Sea Gull Operating Corp.</u>, 460 So. 2d 510, 512 (Fla. 3d DCA 1984)(citing cases).  Under such a claim liability is imposed on a

party "although he has exercised the utmost care to prevent the harm to the plaintiff that has ensued." Restatement (Second) of Torts § 519 cmt. d (1977). "The defendant's enterprise, in other words, is required to pay its way by compensating for the harm it causes, because of its special, abnormal and dangerous character." Id.

To determine if an activity is abnormally dangerous, the following factors are considered:

> (a) existence of a high degree of risk of some harm to the person, land or chattels of others;
> (b) likelihood that the harm that results from it will be great;
> (c) inability to eliminate the risk by the exercise of reasonable care;
> (d) extent to which the activity is not a matter of common usage;
> (e) inappropriateness of the activity to the place where it is carried on; and
> (f) extent to which its value to the community is outweighed by its dangerous attributes.

Restatement (Second) of Torts § 520 (1977). The activity must create a danger of physical harm to others and be an abnormal one. Id. at cmt. f. "The essential question is whether the risk created is so unusual, either because of its magnitude or because of the circumstances surrounding it, as to justify the imposition of strict liability for the harm that results from it, even though it is carried on with all reasonable care." Id.

Posen's argument that it is the relocation of the line, not just distribution of natural gas, which was ultrahazardous activity is not the way Count IV is pled. Count IV alleges that it is

-7-

owning, operating, and maintaining natural gas distribution facilities which is the abnormally dangerous activity. Posen may be able to state a claim for strict liability which is plausible, but it has not done so on the theory it now asserts. The motion to dismiss will be granted as to Count IV.

**C. Slander**

Count V alleges that PGS published or caused to be published several false statements regarding the facts surrounding the incident. Posen alleges that PGS published false statements to the media regarding the incident in the Complaint and copies of newspaper articles containing the statements are attached to the Counterclaim. (Doc. #8, ¶¶ 68-70.) PGS argues that Posen's claim must fail because Posen is a limited public figure and therefore must plead actual malice in order to state a claim. Posen argues to the contrary.

Under the principles summarized in <u>Mile Marker, Inc. v. Petersen Publ'g, LLC</u>, 811 So. 2d 841 (Fla. 4th DCA 2002), the Court finds that Posen is a limited public figure. Both the business relationship between Posen and Lee County (a public contract to perform work on a county highway), and the incident giving rise to the lawsuit (an explosion during the public construction project), are public matters which constitute a "public controversy". Posen played a sufficiently central role in the instant controversy to be considered a public figure for purposes of the controversy. As

-8-

such, there must be allegations of actual malice, which are missing in Count V.  The motion to dismiss Count V as a libel action is granted.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion to Dismiss (Doc. #16) is **GRANTED** to the extent that Counts III, IV, and V of Defendant's Counterclaims are dismissed without prejudice.  Because it may be possible to state such claims, the Court will grant leave to amend the counterclaim.  The Motion to strike attorney fees and for more definite statement are **DENIED** as moot.

2. Plaintiff may file amended counterclaims within **TWENTY-ONE (21) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___14th___ day of November, 2011.

JOHN E. STEELE
United States District Judge


Copies:
Counsel of record